# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Ankur and Jaspreet Marwaha, | ) | Case No. 22-10404 |
| | ) | |
| Debtor(s). | ) | Judge Baer |

## NOTICE OF MOTION

TO:   Trustee via electronic court notice
       See attached service list

   PLEASE TAKE NOTICE that on November 18, 2022 at 10:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Baer, or any Judge sitting in that Judge's place **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn St., Chicago, IL 60604 **or** electronically as described below, and present the Attorney's Application for Chapter 13 Compensation, a copy of which is attached.

   **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

   You may appear electronically by video or telephone.
   **To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.
   **To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.
   **Meeting ID and passcode.** The meeting ID for this hearing is 160 731 2971 and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.
   **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                                                                           /s/ David H. Cutler

## CERTIFICATE OF SERVICE

   The undersigned, an attorney, certifies that he served a copy of this notice and the attached motion on the Trustee by electronic court notice and on all creditors on the attached service list via first class US Mail on October 28, 2022.

                                                                                           /s/ David H. Cutler

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 22-10404<br>Northern District of Illinois<br>Eastern Division<br>Fri Oct 28 10:26:30 CDT 2022 | Lakeview Loan Servicing LLC<br>c/o Codilis & Associates, P.C.<br>15W030 North Frontage Road, Suite 100<br>Burr Ridge, IL 60527-6921 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | Affirm, Inc.<br>Attn: Bankruptcy<br>30 Isabella St, Floor 4<br>Pittsburgh, PA 15212-5862 | Alpha Management Services<br>P.O BOX 4482<br>Aurora, IL 60507-4482 |
| Ascension Mercy Medical Center<br>PO Box 74008847<br>Chicago Il 60693-0001 | Citibank/Best Buy<br>Citicorp Credit Srvs/Centralized Bk dept<br>Po Box 790034<br>St Louis, MO 63179-0034 | ComEd<br>PO Box 6111<br>Carol Stream, IL 60197-6111 |
| Commonwealth Edison Company<br>Bankruptcy Department<br>1919 Swift Drive<br>Oakbrook, IL 60523-1502 | Credit One Bank<br>Attn: Bankruptcy Department<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | First Electronic Bank<br>Attn: Bankruptcy<br>Po Box 521271<br>Salt Lake City, UT 84152-1271 |
| First Premier Bank<br>Attn: Bankruptcy<br>Po Box 5524<br>Sioux Falls, SD 57117-5524 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kohls/Capital One<br>Attn: Credit Administrator<br>Po Box 3043<br>Milwaukee, WI 53201-3043 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Lakeview Loan Servicing, LLC<br>M&T Bank<br>P.O. Box 840<br>Buffalo, NY 14240-0840 | (p)M&T BANK<br>LEGAL DOCUMENT PROCESSING<br>626 COMMERCE DRIVE<br>AMHERST NY 14228-2307 |
| (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 | Navient Solutions Inc<br>Attn: Bankruptcy<br>P.O. Box 9500<br>Wilkes-Barre, PA 18773-9500 | Nelnet<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508-1922 |
| Nelnet<br>Attn: Bankruptcy Claims<br>Po Box 82505<br>Lincoln, NE 68501-2505 | Nissan Motor Acceptance Corp.<br>Nmac/Attn: Bankruptcy<br>Po Box 660360<br>Dallas, TX 75266-0360 | Petland/Comenity<br>Attn: Bankruptcy<br>Po Box 183003<br>Columbus, OH 43218-3003 |
| Premier Bankcard, LLC<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud MN 56302-7999 | Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | SANTANDER CONSUMER USA Inc<br>PO Box 961245<br>Forth Worth TX 76161-0244 |
| Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Fort Worth, TX 76161-0244 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |

| | | |
|---|---|---|
| Synchrony Bank/Care Credit<br>Attn: Bankruptcy Dept<br>Po Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank/hhgregg<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony/PayPal Credit<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Target Nb<br>C/O Financial & Retail Services<br>Mailstop BT PO Box 9475<br>Minneapolis, MN 55440-9475 | (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>477 MICHIGAN AVE #1600<br>DETROIT MI 48226-2564 | Verizon Wireless Bankruptcy Adminis<br>500 Technology Drive<br>Suite 550<br>Saint Charles, MO 63304-2225 |
| Wells Fargo Jewelry Advantage<br>Attn: Bankruptcy<br>Po Box 10438<br>Des Moines, IA 50306-0438 | Ankur Marwaha<br>2442 Worthington Dr<br>Aurora, IL 60506-6422 | David H Cutler<br>Cutler & Associates, Ltd.<br>4131 Main St.<br>Skokie, IL 60076-2780 |
| Glenn B Stearns<br>801 Warrenville Road Suite 650<br>Lisle, IL 60532-4350 | Jaspreet K Marwaha<br>2442 Worthington Dr<br>Aurora, IL 60506-6422 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| M & T Bank<br>Attn: Bankruptcy<br>Po Box 844<br>Buffalo, NY 14240 | Macys/fdsb<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | U.S. Department of Housing and Urban Develop<br>77 West Jackson Boulevard<br>Chicago, IL 60604 |

End of Label Matrix
Mailable recipients    41
Bypassed recipients     0
Total                  41

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 22-10404 |
| Ankur and Jaspreet Marwaha, | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | DuPage |
| Debtor(s) | ) | |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ 313.00  for filing fee paid by the attorney with the attorney's funds

$ 25.00  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 338.00  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☒ None

A total of $ _____ .

Date of Application: 10/28/2022

Attorney Signature: /s/David H. Cutler

Form 13-8

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## COURT-APPROVED RETENTION AGREEMENT
(for cases filed on or after March 15, 2021)

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois. The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $__4,500.00__ as compensation in the case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

**DO NOT sign this agreement unless you have read it and understand it.**

This agreement replaces any conflicting agreement between the debtor and the lawyer. If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

The lawyer must perform all tasks reasonably necessary for the bankruptcy case. Performance of those tasks is a condition of receiving the flat fee. The lawyer may not charge any other fees for representing the debtor in the case. The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

**1.     Duties of the Debtor and the Lawyer**

   **A.     Counseling Before Filing a Bankruptcy Case**

   Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

   If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

   **B.     Documents for the Case**

   The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

   **C.     Representation of the Debtor throughout the Case**

   The lawyer must represent the debtor at the § 341 meeting of creditors and in all court hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

   The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

**2.    Attorneys' Fees and Expenses**

    **A.    Flat Fee for Attorneys' Fees**

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property

- representing the debtor in the chapter 7 case, if the case is converted to chapter 7

- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

    **B.    Expenses**

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Copying and postage charges as follows:

    1.    A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized

2

**or**

      2.    The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

    **C.**    **Advance Payment to the Lawyer**

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

    **D.**    **Payment of the Balance during the Case**

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

    **E.**    **Additional Fees in Extraordinary Circumstances**

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

**3.**    **Coverage Counsel**

    **A.**    **Disclosure of the Practice**

3

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

B.  **Identifying Coverage Counsel**

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

C.  **Providing Information to Coverage Counsel**

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

4.  **Dismissal or Conversion of the Case**

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

5.  **Termination of this Agreement**

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

6.  **Amount of Attorneys' Fees and Expenses**

A.  **Attorneys' Fees:**

The debtor agrees to pay the lawyer a flat fee of $__4,500.00__ for the lawyer's services in the chapter 13 case.

B.  **Expenses:**

The estimated expenses for the case are:    $ __338.00__

These expenses are for:

4

|  |  |
|---|---|
| Filing fees | $ 313.00 |
| Mailings/copies | $ 25.00 |
|  | $ 0.00 |
|  | $ 0.00 |
| C. Total Fees and Estimated Expenses: | $ 4,838.00 |
| Advance payment by debtor: | $ 0.00 |
| Balance owed by debtor: | $ 4,838.00 |

Ankur Marwaha
Debtor

Jaspreet K Marwaha
Debtor

Date: September 12, 2022

David H. Cutler
Lawyer

Date: September 12, 2022

5

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re: **Ankur Marwaha / Jaspreet K Marwaha**
Debtor(s)

Case No. **22-10404**
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept  $ **4,500.00**
   Prior to the filing of this statement I have received  $ **0.00**
   Balance Due  $ **4,500.00**

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:
   ■ Debtor   ☐ Other (specify):

4. The source of compensation to be paid to me is:
   ■ Debtor   ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**September 26, 2022**
*Date*

**/s/ David Cutler**
**David Cutler**
*Signature of Attorney*
**Cutler & Associates, Ltd.**
**4131 Main St.**
**Skokie, IL 60076**
**847-673-8600  Fax: 847-673-8636**
**cutlerfilings@gmail.com**
*Name of law firm*